UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STATE OF NEW YORK and STATE OF
COLORADO,

               Movants,

    v.

WILLIAM J. RINNER,

               Respondent.

MEMORANDUM & ORDER
26-MC-00652 (NRM)

NINA R. MORRISON, United States District Judge:

In this miscellaneous action, the State of New York and the State of Colorado ("Movants") move to compel Respondent William J. Rinner to comply with a subpoena to appear at a deposition issued by the United States District Court for the Northern District of California. Movants also move to transfer further subpoena-related disputes to that court, and for attorney's fees.

Because the parties are familiar with the facts, the Court only briefly summarizes them here. In January 2025, the United States filed suit in the Northern District of California to block the merger of two large wireless networking solutions companies, Hewlett Packard Enterprise and Juniper Networks. *See United States v. Hewlett Packard Enterprise Co.*, No. 25-CV-00951 (PCP) (N.D. Cal.) (the "HPE Action"). Trial was set to begin in the Northern District of California on July 9, 2025. HPE Action, Order, ECF No. 104. Two weeks before trial, however, the United States announced that the parties had reached a settlement. HPE Action, Stipulation, ECF No. 217. At the time, Respondent William J. Rinner was the Head of Merger

1

Enforcement in the Department of Justice ("DOJ") Antitrust Division.  Movants allege that Respondent was an outspoken opponent of the settlement within the Department.  *See* Mem. in Supp. of Mot. to Compel ("Mem.") at 5–6, ECF No. 1-1.[1] Soon after the settlement announcement, Respondent was fired from the DOJ, under what Movants aver were suspicious circumstances.  Mem. at 5–6.

The presiding judge in the Northern District of California then turned to review the United States's proposed settlement agreement, pursuant to the public interest determination provision of the Tunney Act, 15 U.S.C. § 16(e).  Movants New York and Colorado, along with eleven other States, moved to intervene as parties, and the court granted the motion.  HPE Action, ECF Nos. 236, 332.  The Intervenor-States then sought discovery from several non-parties, including a subpoena for the deposition of Respondent, which the Northern District of California ordered on December 22, 2025.  *See* Decl. of Michael Schwartz dated Feb. 19, 2026 ("Schwartz Decl."), Ex. 1 ("Subpoena"), ECF No. 1-4.  On January 26, 2026, the DOJ filed a letter raising a number of discovery disputes, including a request to quash the Subpoena. HPE Action, Ltr., ECF No. 362.  At a hearing on February 10, 2026, the court rejected the DOJ's request and ordered compliance, later affirming the ruling in a written order.  HPE Action, ECF Nos. 366, 378.

Notwithstanding the order of compliance from the Northern District of California, Respondent has stated that he is "unwilling to attend a deposition without

---

[1] Unless otherwise indicated, all page references use the pagination generated by the Electronic Case Filing System.

an order issued by a court in the jurisdiction in which he resides," which is the Eastern District of New York.  Schwartz Decl., Ex. 4 ("DOJ Objections") at 11, ECF No. 1-7.  Movants thus filed the instant motion on February 19, 2026.  This Court ordered Respondent to file any opposition by February 25, 2026 at noon Eastern Time, and he did not do so.

## DISCUSSION

### I.    Compliance with the Subpoena

A valid subpoena has been issued by the Northern District of California directing Respondent to appear for a video deposition.  Subpoena at 2.  Respondent has not filed an opposition to the motion to compel.  Respondent previously raised several challenges to the Subpoena before the court in the Northern District of California, including that (1) the Tunney Act did not authorize depositions; (2) Respondent's testimony was not relevant for the underlying disposition; (3) the DOJ's *Touhy* regulations, 28 C.F.R. § 16.21 *et seq.*, categorically barred Respondent's testimony; and (4) the information sought by the Movants was protected under the government's deliberative process privilege.  *See* DOJ Objections at 10–12.

Each of these issues has been addressed and resolved by Judge P. Casey Pitts in the underlying action.  *See* Schwartz Decl., Ex. 3 ("Discovery Hearing Tr.") at 6, 36–42, ECF No. 1-6; HPE Action, Order, ECF No. 378.  This Court agrees with Judge Pitts's analysis, but even if it did not, "[t]he law of the case doctrine commands that 'when a court has ruled on an issue, that decision should generally be adhered to . . . in subsequent stages in the same case . . . .'"  *Johnson v. Holder*, 564 F.3d 95,

3

99 (2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002)).  That is especially so where, as here, "one judge or court is asked to consider the ruling of a different judge or court."  *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (quoting *Lillbask ex rel. Mauclaire v. State of Conn. Dep't of Educ.*, 397 F.3d 77, 94 (2d Cir. 2005)).  "Courts should reconsider prior decisions only when presented with compelling circumstances, namely: '(1) an intervening change in controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice.'"  *Nat'l Coal. on Black Civic Participation v. Wohl*, 661 F. Supp. 3d 78, 108 (S.D.N.Y. 2023) (quoting *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009)).  No such circumstances exist here.  Judge Pitts's rulings on the Subpoena thus "forecloses a 'second bite at the apple' before this Court."  *Shelby v. Ingersoll-Rand Co.*, No. 10-MC-59A, 2011 WL 1118613, at *4 (W.D.N.Y. Mar. 24, 2011).

Respondent is ordered to comply with the Subpoena by appearing for his deposition within five days of this Order, *i.e.,* by Monday, March 2, 2026.

## II.     Transfer to Issuing Court Under Rule 45(f)

Movants also request that the Court transfer any further disputes arising from the Subpoena, including disputes that may arise during the deposition itself, to the issuing court pursuant to Federal Rule of Civil Procedure 45(f).  Rule 45(f) permits transfer of subpoena-related motions to the issuing court "if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).  For example, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by

4

the motion or the same issues are likely to arise in discovery in many districts." *Owen v. Audubon Field Sols., LLC*, No. 25-MC-00588 (MMG), 2026 WL 445187, at *1 (S.D.N.Y. Feb. 17, 2026) (quoting Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment).

Such exceptional circumstances are present here. Judge Pitts has already held three hearings and issued rulings on a significant number of discovery-related disputes in this case, including a motion to quash the very Subpoena at issue. *See* HPE Action, ECF Nos. 366, 378, 388, 399, 403. He is thus intimately familiar not only with the underlying litigation, but with the discovery issues raised by the parties. Furthermore, many of the potential concerns related to the Subpoena are also applicable to the other discovery requests by the States. For example, the government in the underlying case has raised deliberative-privilege concerns for internal documents sought by the States, and Judge Pitts explicitly contemplated that he would resolve such disputes on a case-by-case basis. *See* Discovery Hearing Tr. at 40–41, 52 (ruling on Respondent's deposition "subject to the discussion that we are going to have about deliberative process privilege," and noting that "we can revisit that as we go"). "Given this degree of involvement and familiarity, allowing the issuing court to resolve enforcement of the subpoena would promote judicial economy and avoid the risk of inconsistent rulings." *Drummond Co., Inc. v. VICE Media LLC*, No. 21-MC-859 (AJN), 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022) (quoting *N. Atl. Operating Co. v. Dunhuang Grp.*, No. 18-MC-154 (LPS), 2018 WL 3381300, at *2 (D. Del. July 11, 2018)).

There are also pending deadlines that heighten concerns of inconsistent rulings. The hearing to review the underlying settlement is currently scheduled for March 23, 2026, less than one month from the date of this Order. Mem. at 7. Failing to transfer future disputes is thus "likely to interfere with the issuing court's management of the underlying case," and "runs the risk of issuing a ruling, weeks before trial, that is at odds with the underlying court's decision on similar issues." *In re Subpoenas to Leeds Equity Partners*, No. 25-MC-0079 (MKV), 2025 WL 2662583, at *2 (S.D.N.Y. Sep. 17, 2025); *see id.* (collecting cases).

Finally, the Court finds that resolution of these disputes by the issuing court is unlikely to impose a significant burden on Respondent. The Court observes from the docket that all three discovery hearings in the underlying case were held telephonically over Zoom, and there is no indication that Judge Pitts will not continue to accommodate such conferences for Respondent. *See* HPE Action, ECF Nos. 365, 384, 397. Moreover, as Movants note, Respondent's counsel are attorneys for the Department of Justice, who affirmatively chose to litigate the underlying dispute in the Northern District of California. Mem. at 13.

## III.  Attorney's Fees

Under Federal Rule of Civil Procedure 37(a)(5)(A), the prevailing party in a motion to compel "is presumptively entitled to an award of motion expenses, including reasonable attorney's fees." *Kregler v. City of New York*, No. 08-CV-6893 (VM), 2013 WL 1415228, at *2 (S.D.N.Y. Apr. 8, 2013). "The plain terms of Rule 37(a)(5)(A) — 'the court must' — imposes a mandatory award of expenses." *Wager v. G4S Secure*

*Integration, LLC*, No. 19-CV-03547 (MKV), 2021 WL 293076, at \*4 (S.D.N.Y. Jan. 28, 2021) (quoting Fed. R. Civ. P. 37(a)(5)(A)). The three exceptions outlined in the Rule are: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). "[I]t is widely accepted that an award of expenses under Rule 37(a)(5)(A) is mandatory unless one of the three exceptions applies." *Wager*, 2021 WL 293076, at \*4.

No exception applies here. Movants represent that they have previously conferred with Respondent and his counsel to depose him without court intervention and failed to do so. Mem. at 14. Respondent's refusal to comply with the Subpoena is not substantially justified. Not only has Respondent failed to oppose or otherwise respond to the motion to compel, Judge Pitts has already evaluated and denied his earlier motion to quash the Subpoena. No other justifying circumstances have been presented to this Court, nor does the Court independently find any on this record. Movants' request for fees and expenses in relation to this motion is granted.

## CONCLUSION

For the foregoing reasons, the motion to compel, the motion to transfer, and the motion for attorney's fees are granted. Respondent is ordered to comply with the Subpoena by appearing for his deposition within five days of this Order. All further disputes related to the Subpoena are hereby transferred to the issuing court.

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:      February 25, 2026
            Brooklyn, New York