UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STATE OF NEW YORK and STATE OF
COLORADO,

                Movants,

     v.

WILLIAM J. RINNER,

                Respondent.

MEMORANDUM & ORDER
26-MC-00652 (NRM)

NINA R. MORRISON, United States District Judge:

In this miscellaneous action, the State of New York and the State of Colorado ("Movants") move to compel Respondent William J. Rinner to comply with a subpoena to appear at a deposition issued by the United States District Court for the Northern District of California. The Court directed Respondent to file any opposition to the motion by noon on February 25, 2026, and Respondent did not do so. The Court accordingly issued an order granting Movants' unopposed motion in full. Order Granting Mot. to Compel dated Feb. 25, 2026 ("Feb. 25 Order"), ECF No. 7.

On February 25, 2026, counsel for Respondent contacted the Court's deputy and advised that they were unaware of the Court's earlier deadline for a response to the motion, but that they intended to file an opposition brief expeditiously. Respondent then filed his opposition brief early the following morning, on February 26. Mem. in Opp'n to Mot. to Compel ("Opp'n"), ECF No. 8. The Court then directed Respondent to file a letter on the docket setting forth an explanation for the belated filing. Counsel for Respondent filed a letter stating that they were not aware of this

1

Court's orders directing a response by February 25, 2026 because "the movant States did not serve [them] with, or otherwise alert [them] to, the deadline orders."  Letter re Timing of Opp'n at 1,[1] ECF No. 10.  Counsel also noted that although the Electronic Case Filing System listed two attorneys from the United States Department of Justice ("DOJ") at the time the Court issued its orders, they "d[id] not understand how that came to be," and that they did not receive any electronic notifications for those orders.  *Id.* at 2.

"Although courts may excuse an untimely filing, there generally must be good cause to do so."  *United States v. Sessum*, No. 15-CR-6676 (KPF), 2020 WL 6392817, at *1 n.2 (S.D.N.Y. Oct. 30, 2020) (citing *Davidson v. Scully*, 172 F. Supp. 2d 458, 462–63 (S.D.N.Y. 2001)).  The Court finds that Respondent has not provided such cause.   Movants filed a certificate of service showing that Respondent was electronically served with the motion to compel along with all annexed exhibits on the same day that the action was filed.  Certificate of Service dated Feb. 20, 2026, ECF No. 3.  Indeed, Movants served seventeen different attorneys in total, including seven of Respondent's counsel from the DOJ.  *Id.* at 2.  Regardless of whether counsel continued to receive any electronic notifications from Movants or otherwise, as this Court previously observed, it is difficult to understand how counsel failed to monitor the docket in this matter for a full week after the action was filed, especially given that the parties were both aware of the time-sensitive nature of the underlying litigation.

---

[1] References to page numbers use ECF pagination unless otherwise noted.

In light of the nature and complexity of the underlying litigation and the significant interests at stake, however, the Court nevertheless entered an order accepting the late filing and issued a temporary stay of its earlier order directing Respondent to appear for his deposition by March 2, 2026.  The Court now construes Respondent's opposition as a motion for reconsideration of its February 25 Order granting the motion to compel.  Such a motion is "generally granted only upon the showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd*, 501 U.S. 115 (1991).  Respondent has failed to demonstrate such circumstances.  Further, even if the opposition had been timely filed and the Court were to consider Respondent's arguments *de novo*, they are insufficient to defeat the motion to compel on its merits.

Respondent makes three arguments in his opposition.  First, he argues that his testimony is not relevant to the question of whether, under the Tunney Act, the proposed settlement is in the public interest.  Second, he claims that Movants' discovery request is not proportional due to the allegedly duplicative nature of Respondent's testimony.  Finally, he argues that he will be unduly prejudiced because of the privileged nature of much of his relevant knowledge.

As Movants note, all three of these arguments were considered and rejected by the Hon. P. Casey Pitts in the underlying case.  *See United States v. Hewlett Packard Enter. Co.*, No. 25-CV-00951 (PCP) (N.D. Cal.) (the "HPE Action"), ECF No. 378 at 4; Decl. of Michael Schwartz dated Feb. 19, 2026 ("Schwartz Decl."), Ex. 3 ("Disc. Hr'g Tr.") at 40, 52 & 57, ECF No. 1-6.  The law of the case doctrine thus alone justifies

3

denial of reconsideration. "Courts should reconsider prior decisions only when presented with compelling circumstances, namely: '(1) an intervening change in controlling law, (2) new evidence, or (3) the need to correct a clear error of law or to prevent manifest injustice.'" *Nat'l Coal. on Black Civic Participation v. Wohl*, 661 F. Supp. 3d 78, 108 (S.D.N.Y. 2023) (quoting *United States v. Carr*, 557 F.3d 93, 102 (2d Cir. 2009)). Respondent points to no such circumstances. And indeed, even if he did, he would have to overcome not only the "exceptional circumstances" necessary to grant a motion for reconsideration, *Mendell*, 909 F.2d at 731, but also the additional deference required when the prior decision was made by another court, *see Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) ("[C]ourts are understandably reluctant to reopen a ruling once made, especially when one judge or court is asked to consider the ruling of a different judge or court.").

In any case, none of Respondent's arguments has merit. First, on relevance, Respondent argues that Judge Pitts only generally found that depositions would be permitted, and not that his deposition specifically would be relevant. However, in his written ruling, Judge Pitts explicitly "overrule[d] the United States's objection" to the "deposition subpoenas for former DOJ officials Roger Alford, *William Rinner*, and Chad Mizelle." HPE Action, ECF No. 378 at 4 (emphasis added). Judge Pitts also specifically noted that "the Tunney Act evinces Congress's recognition that the decision-making process that result[s] in a proposed final judgment may be relevant in determining whether the judgment serves the public interest." HPE Action, ECF No. 350 at 5. Moreover, to the extent that Respondent is correct that "any discovery

by the states must therefore be targeted to the issues that are pending before the Court," Opp'n at 6, there is no indication that Movants have any intention of deposing Respondent on matters that fall outside the scope of these issues, and as such, this is not a reason to quash the subpoena in its entirety, *see, e.g.*, *Daniel J. Edelman Inc. v. Prime Hydration LLC*, No. 25-CV-8904 (PAE), 2025 WL 3563179, at *4 (S.D.N.Y. Dec. 12, 2025).

Respondent next argues that his testimony would not be proportional to the Movants' needs because it would largely be duplicative of discovery already obtained, such as the testimony of Roger Alford, another DOJ official. *See* Opp'n at 8–9. However, this argument is in significant tension with Respondent's prior contention regarding the lack of relevance of Respondent's testimony, as Respondent is simultaneously arguing that his deposition will bear no relevance to the court's Tunney Act review and should be quashed, while at the same time claiming that his testimony will be duplicative to information and material that has already been the subject of discovery pursuant to the Tunney Act. Furthermore, as Judge Pitts has noted, it is difficult to evaluate this argument at this juncture given that neither the Court nor the Movants are yet privy to the contents of Respondent's deposition. *See* Disc. Hr'g Tr. at 39 ("[Y]ou seem to be saying unless a party knows in advance what it's going to get from a particular witness, that they can't use the discovery process, and that's not how discovery generally works in federal court."). Even so, Movants have put forth numerous examples of communications that Respondent had with individuals at Hewlett Packard Enterprise that did not involve the other witnesses

whose testimony forms the basis of Respondent's claim that his deposition would be duplicative. *See, e.g.*, Schwartz Decl. Ex. 6, ECF No. 2-4; *id.* Ex. 8, ECF No. 2-6; *id.* Ex. 10, ECF No. 2-8.

Third, Respondent argues that he will be unduly prejudiced by appearing for the deposition because much of his knowledge comes from communications and activities that are subject to various privileges held by the United States, including attorney-client privilege and the deliberative process privilege. However, as Respondent himself admits, the Department of Justice has explicitly authorized him to testify as to certain topics. *See* Opp'n at 10. The fact that Respondent maintains the right to object to being asked about certain issues on a case-by-case basis does not justify quashing the subpoena itself. *See Sanstrom v. Rosa*, No. 93-CV-7146 (RLC), 1996 WL 469589, at \*5 (S.D.N.Y. Aug. 16, 1996) ("[T]he mere fact that a witness may be asked questions that seek to elicit privileged matter does not provide a colorable basis for precluding the entire deposition."). That is especially so given that here, Judge Pitts — who is intimately familiar with the details of the proposed settlement and is much better positioned evaluate the propriety of certain deposition topics — has already ruled that he would make individualized privilege determinations as the case progresses. *See* Disc. Hr'g Tr. at 40–41, 52 (ruling on Respondent's deposition "subject to the discussion that we are going to have about deliberative process privilege," and noting that "we can revisit that as we go").

Finally, Respondent argues that even if this Court were to grant the motion to compel, no exceptional circumstances exist to transfer further disputes about his

deposition to the issuing court. *See* Opp'n at 11–12. But the only argument Respondent makes in support of this contention is that Judge Pitts has accommodated for delayed discovery by giving the Intervenor-States an opportunity to file a Sur-Reply by March 22, 2026, one day prior to the hearing on the public interest determination at issue. However, even under this new timeline, Movants have less than a month to prepare for Respondent's deposition, take the deposition, and incorporate any deposition testimony into their submissions to Judge Pitts. More importantly, this argument is completely non-responsive to all of the other factors that this Court already analyzed in its February 25 order, including Judge Pitts's extensive knowledge of the underlying litigation, the significant risk of inconsistent rulings, and the minimal burden likely to be placed on Respondent given the history of remote discovery hearings and Respondent's counsel's decision to affirmatively litigate the underlying case in the Northern District of California. *See* Feb. 25 Order at 4–6.

For the foregoing reasons, Respondent has failed to meet the high bar necessary for reconsideration of the Court's February 25 Order, and his arguments fail on their merits in any event. Respondent's opposition, construed as a motion for reconsideration of the Court's February 25, 2026 Order, is denied. Respondent is ordered to comply with the subpoena by appearing for his deposition by Friday, March 6, 2026. All remaining disputes related to or arising from his deposition are hereby transferred to the Hon. P. Casey Pitts of the Northern District of California.

SO ORDERED.

7

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:        March 2, 2026
              Brooklyn, New York

8