UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STATE OF NEW YORK and STATE OF
COLORADO,

                  Movants,

     v.

WILLIAM J. RINNER,

                  Respondent.

**MEMORANDUM & ORDER**
26-MC-00652 (NRM)

NINA R. MORRISON, United States District Judge:

In this miscellaneous action, the Court previously granted a motion by the State of New York and the State of Colorado ("Movants") to compel Respondent William J. Rinner to comply with a subpoena to appear at a deposition issued by the United States District Court for the Northern District of California. The State of New York ("New York") now seeks an award of $13,000 in attorney's fees and $252 in costs, pursuant to Federal Rule of Civil Procedure 37. For the reasons that follow, the motion is granted in part and reserved in part.

## DISCUSSION

Under Rule 37, the prevailing party in a motion to compel "is presumptively entitled to an award of motion expenses, including reasonable attorney's fees." *Kregler v. City of New York*, No. 08-CV-6893 (VM), 2013 WL 1415228, at *2 (S.D.N.Y. Apr. 8, 2013); Fed. R. Civ. P. 37(a)(5)(A). However, "the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A). "The burden is on the disobedient

1

party to avoid expenses by showing that his failure is justified or that special circumstances make an award of expenses unjust." *Howard v. City of Rochester*, No. 23-CV-6561 (FPG), 2025 WL 289068, at *6 (W.D.N.Y. Jan. 24, 2025) (quoting *Xerox Corp. v. Conduit Glob., Inc.*, No. 21-CV-6467 (EAW), 2024 WL 3548411, at *5 (W.D.N.Y. July 26, 2024)).

As an initial matter, this Court previously directed Respondent to file an opposition to Movants' motion to compel — which included an application for attorney's fees — and Respondent failed to do so. This Court subsequently issued an order granting Movants' motion in full. *See New York v. Rinner (Rinner I)*, No. 26-MC-00652 (NRM), 2026 WL 530580 (E.D.N.Y. Feb. 25, 2026). Respondent then filed his opposition, Mem. in Opp'n to Mot. to Compel ("Mot. to Compel Opp'n"), ECF No. 8, which the Court accepted notwithstanding its finding that Respondent had not demonstrated good cause for the out-of-time filing, *see* Order dated Feb. 26, 2026. That filing did not include any opposition to Movants' request for attorney's fees.

Now, for the first time, Respondent argues that his objection to the subpoena was substantially justified because "[a] district court . . . must have personal jurisdiction over a nonparty in order to compel it to comply with a valid discovery request under Federal Rule of Civil Procedure 45." *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014); *see* Fed. R. Civ. P. 45(g). Respondent thus claims that as a New York resident, he was simply "exercis[ing] his lawful right, in good faith, to have his objections heard in this Court." Opp'n to Mot. for Att'y Fees ("Opp'n") at 3, ECF No. 15.

2

The Court is not persuaded. The Department of Justice ("DOJ"), who is representing Respondent in connection with the subpoena, previously filed a letter in the originating court moving to quash the subpoena for Respondent as well as for other ex-government officials. *See United States v. Hewlett Packard Enterprise Co.*, No. 25-CV-00951 (PCP) (N.D. Cal.) (the "HPE Action"), ECF No. 362. Respondent raised several challenges before that court, including that (1) the Tunney Act did not authorize depositions; (2) Respondent's testimony was not relevant for the underlying disposition; (3) the DOJ's *Touhy* regulations, 28 C.F.R. § 16.21 *et seq.*, categorically barred Respondent's testimony; and (4) the information sought by the Movants was protected under the government's deliberative process privilege. *See* Schwartz Decl., Ex. 4 ("DOJ Objections") at 10–12, ECF No. 1-7.

In his opposition to the motion to compel in this Court, Respondent raised these same issues as his basis for non-compliance. *See* Mot. to Compel Opp'n at 4–11; *New York v. Rinner (Rinner II)*, No. 26-MC-00652 (NRM), 2026 WL 575844, at *2 (E.D.N.Y. Mar. 2, 2026). By that time, however, Judge P. Casey Pitts had already rejected each of these arguments and ordered compliance with the subpoena. *See* HPE Action, ECF No. 378. And as this Court has previously held, under the law of the case doctrine, it is bound by Judge Pitts's ruling. *See Rinner I*, 2026 WL 530580, at *2; *Rinner II*, 2026 WL 575844, at *2.

Respondent now claims that Judge Pitts's order overruled only the United States's objections to the subpoena, and "did not foreclose [Respondent] from raising other objections" based on his personal interests. Opp'n at 4. The Court finds this

distinction insignificant, as counsel from DOJ represented Respondent both in the proceedings before Judge Pitts, as well as before this Court. In any case, even in his most recent filing, Respondent fails to cite any objection to the subpoena that he raised in his opposition to the motion to compel that was not already considered and rejected by the originating court.

Respondent next points to a recent decision from the Middle District of Florida, in which Magistrate Judge Lauren F. Louis granted the State of Washington's motion to compel a former DOJ official's compliance with a deposition subpoena in connection with the same underlying case, but denied an award of attorney's fees and expenses. Order in *State of Washington v. Mizelle*, No. 26-MC-00007 (LFL), Decl. of Henry C. Su, Ex. B ("Florida Order") at 11, ECF No. 15-3. However, in that case, the ex-official respondent had not previously moved to quash the subpoena in the originating court. The proceedings in the Middle District of Florida therefore constituted respondent Mizelle's first opportunity to be heard as to his objections to the subpoena. The court denied the request for attorney's fees because it found that "[w]hile styled as a motion to compel [respondent]'s deposition, [p]etitioner's Motion effectively s[ought] to compel briefing on [r]espondent's anticipated motion to quash." *Id.* at 6. As such, "[p]etitioner's Motion [wa]s not, in substance, a motion to compel" under Rule 37. *Id.* at 11. Here, by contrast, counsel for Respondent previously moved to quash Rinner's subpoena in the Northern District of California, and that court already rejected the motion and ordered compliance.

Finally, the Court notes that Movants have made substantial good-faith

4

attempts to ensure Respondent's compliance without judicial intervention, including by offering to depose Respondent remotely, or in-person in New York City. *See* Mot. to Compel ("Mot.") at 16, ECF No. 1. Respondent nevertheless refused to comply with the subpoena absent a new order from this Court directing him to do so. Under these circumstances, the Court does not find that Respondent's non-compliance was "substantially justified." Movant New York is thus entitled to an award of attorney's fees and expenses under Rule 37.

Having determined that New York is entitled to an award of fees and expenses, the Court now turns to the appropriateness of the amount requested. While Respondent raises no objection to the hourly rate calculated by New York under the lodestar method, he argues that New York is not entitled to those fees because it failed to supply contemporaneous records in support of its calculated award. Indeed, the Second Circuit has held that "absent unusual circumstances[,] attorneys are required to submit contemporaneous records with their fee applications." *Scott v. City of New York*, 643 F.3d 56, 58 (2d Cir. 2011) (citation omitted). Nevertheless, rather than reject a fee application entirely, courts often "reduce[] fee applications based on a failure to submit contemporaneous billing records, awarding within a range spanning nothing to 90% of the requested fee." *Oakley v. MSG Networks, Inc.*, No. 17-CV-6903 (RJS), 2025 WL 3041936, at *14 (S.D.N.Y. Oct. 31, 2025).

In light of these circumstances and the need to preserve judicial resources, the parties are directed to confer with one another and attempt to reach an agreement on an amount of attorney's fees and expenses that is fair and reasonable under the

5

circumstances. Upon any such agreement, the parties shall jointly file a letter on the docket informing the Court of the resolution of this matter. If, however, the parties fail to come to a resolution after such good-faith negotiation, they are directed to file contemporaneous briefs within 30 days of the date of this Order outlining their positions as to the award amount that they contend is reasonable, at which time the Court will resolve the issue. The Court notes that should parties fail to reach an agreement, New York will be entitled to revise its fee application to include any additional hours its counsel has expended conducting fee negotiations and preparing the supplemental briefing.

## CONCLUSION

For the foregoing reasons, New York's motion for attorney's fees and expenses is granted in part and reserved in part.

SO ORDERED.

/s/ Nina R. Morrison
NINA R. MORRISON
United States District Judge

Dated:      April 17, 2026
            Brooklyn, New York